## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 04 CR 50038-1 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Terry N. Taylor, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the following reasons, Mr. Taylor's petition to be removed from supervised release [140] is denied at this time. The court is willing to reconsider this issue after a reasonable amount of time has passed and if petitioner continues to make progressive strides toward supervision objectives and continues to be without supervised release violations.

## STATEMENT

On October 3, 2016, this court resentenced petitioner to time served and he was released from the BOP. *See* [134]; [135]. On October 13, 2017, petitioner filed a petition to be removed from supervised release. *See* [140]. In the petition, petitioner notes that he has been on supervised release for over one year and has not committed any violations of the conditions of his supervised release. *See id.* On October 27, 2017, the probation office filed a special report on this issue [142]. On November 3, 2017, the government filed a response in opposition to the petition. *See* [143]. In addition to these materials, the court has reviewed the docket in this case, including petitioner's updated PSR [99] and the supplemental PSR detailing petitioner's history in the BOP. *See* [130].

The Seventh Circuit has noted that: "a district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant." *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (citing 18 U.S.C. § 3583(e)(1)). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The District of Colombia has noted that "[t]he Judicial Conference on Criminal Law has elaborated on 18 U.S.C. § 3583(e)(1) statutory criteria and recommended that parole officers evaluate nine factors when deciding whether to approve early termination of supervised release." *See United States v. Etheridge*, 999 F.Supp.2d 192, 195 (D.D.C. 2013). Those factors are as follows:

(1) Stable community reintegration (e.g., residence, family, employment);
(2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

(3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
(4) No history of violence ...
(5) No recent arrests or convictions ...
(6) No recent evidence of alcohol or drug abuse;
(7) No recent psychiatric episodes;
(8) No identifiable risk to the safety of any identifiable victim; and
(9) No identifiable risk to public safety based on the Risk Prediction Index.

*Id*.

The court has considered the § 3553(a) factors and the nine factors identified by the Judicial Conference on Criminal Law. As relevant to petitioner in this case, the court notes that petitioner has not committed any violations of the conditions of his supervised release and the probation office has identified that he has had satisfactory community integration to date, no aggravating role in the offense he was convicted of, no recent arrests or convictions, no recent evidence of alcohol or drug abuse, no psychiatric episodes, and no identifiable risk to public safety. Moreover, the court notes that petitioner has issues with his eyesight that limit his risk to the public. On the other hand, petitioner has a long history of criminal behavior, including armed robberies and unlawful possession and use of weapons. Defendant's disciplinary history in the BOP was relatively minor, which counts in his favor. However, during a 37-day stay in a residential re-entry center toward the end of his BOP sentence, defendant had four major incident reports, as well as multiple in-house incident reports, including threatening and demeaning staff members. This relatively recent behavior, coupled with petitioner's history, suggest that petitioner has continuing difficulty fully reintegrating into the community and may continue to pose a significant risk to the public.

For the foregoing reasons, the court denies the petition to be removed from supervised release at this time. However, the court is willing to reconsider this issue after a reasonable amount of time has passed and if petitioner continues to make progressive strides toward supervision objectives and continues to be without supervised release violations.

Date: 11/27/2017     ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)